PRICE LAW GROUP, APC
G. Thomas Martin, III (SBN 218456)
15760 Ventura Boulevard, Suite 1100
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
tom@plglawfirm.com

Attorney for Plaintiff
CYNTHIA FERGUSON

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA FERGUSON, individually and on behalf of all others similarly situated, <br><br>        Plaintiff, <br><br>    vs. <br><br> PATENAUDE & FELIX, A.P.C., a professional corporation, <br><br>        Defendant. | Case No.: 13CV1593 JAH KSC <br><br> **CLASS ACTION** <br><br> **FIRST AMENDED COMPLAINT TO SEEK REDRESS FOR UNLAWFUL DEBT COLLECTION PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

### I.    INTRODUCTION

1.    Cynthia Ferguson (Plaintiff), an individual consumer, brings this action on behalf of herself and all others similarly situated against Patenaude & Felix, A.P.C. (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II.    JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) which states that any action to enforce liability created by the FDCPA may be brought in

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

any appropriate United States district court.  Jurisdiction of this Court also arises under 28 U.S.C. §§ 1331, 1337 and 1367.

3.    Pursuant to 28 U.S.C. § 1391(b)(1), venue is proper in this District because Defendant resides within this District.

### III.   PARTIES

4.    Plaintiff is an individual, residing in El Paso, El Paso County, Texas 79925.  Plaintiff is a natural person obligated or allegedly obligated to pay any debt and, as such, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5.    Upon information and belief, Defendant is a professional corporation, registered under the laws of the State of California.  Upon information and belief, Defendant's principal place of business located at 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123.  Upon information and belief, Defendant's Registered Agent for Service of Process is Raymond A. Patenaude, 4545 Murphy Canyon Road, 3rd Floor, San Diego, California 92123.

6.    Defendant's principal purpose is the collection of debts and Defendant regularly collects or attempts to collect the debts owed or due or asserted to be owed or due another, and therefore, Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.    Defendant, at all relevant times, was directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person.

8.    Defendant regularly uses instrumentalities of interstate commerce to engage in the business of collecting debt in several states, including Texas.

### IV.   FACTUAL ALLEGATIONS

9.    Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect a debt ("alleged debt") allegedly incurred by Plaintiff with Barclays Bank Delaware, N.A. ("Barclays").  The alleged debt was allegedly

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

incurred in or about August 2006.  The alleged debt is identified by account number 51402190024567235.  Defendant identifies the alleged debt by file number 13-10062.

10.     The alleged debt was allegedly incurred by Plaintiff in a transaction involving primarily the purchase of consumer goods and services. The alleged debt is an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment and therefore, the alleged debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.     Upon information and belief, the alleged debt was "Charged Off" by Barclays on or about December 2008.  Upon information and belief, the balance of the alleged debt at the time it was "Charged Off" by Barclays was $5,751.00. ("Charge-Off Balance").

12.     Barclays ceased charging and collecting interest on the alleged debt as of the Charge-Off-Date.

13.     Barclays waived its right to charge and collect post Charge-Off-Interest on the alleged debt from Plaintiff as of the Charge-Off-Date.

14.     Upon information and belief, Barclay's regular business practice is to cease charging and collecting interest on its accounts as of the date it charges-off an account.

15.     In or about 2009, California Recovery Systems, Inc. (CRS) contacted Plaintiff for the purpose of collecting the alleged debt.  On or about October 26, 2009, CRS proposed an offer to settle the alleged debt with Plaintiff. *See* "Conditional Settlement Agreement" attached hereto at Exhibit "A."

16.     Plaintiff accepted the terms of CRS's settlement offer and made four payments to CRS, two on or about October 27, 2009 and two on or about

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

November 16, 2009.  *See* Plaintiff's Account History with Global Client Solutions attached hereto at Exhibit "B."

17.     Plaintiff satisfied the terms of CRS's settlement agreement on or about November 16, 2009.  On or about November 16, 2009, Plaintiff satisfied her obligation to pay the alleged debt.  After November 16, 2009, Plaintiff was no longer personally liable to pay the alleged debt.

18.     On or about March 15, 2013, Defendant dispatched its initial collection letter ("Collection Letter") to Plaintiff in which it attempted to collect from Plaintiff the alleged debt that was previously, but no longer, owed to Barclays.  *See* Defendant's collection letter dated March 15, 2013 attached hereto at Exhibit "C."

19.     The Collection Letter was a form letter as evidenced by the type face and the form number and description at the lower left of the letter stating "PF_03 Ltr Initial Demand."

20.     Letters similar or the same as the Collection Letter as evidenced in Exhibit C were sent to members of the class.

21.     In the Collection Letter, Defendant stated that the balance due on the alleged debt was $5,912.48.

22.     The alleged debt was "Charged Off" by Barclays on or about December 2008.  The balance of the alleged debt at the time it was "Charged Off" was $5,751.00.

23.     The Collection Letter, indicates that interest and/or other fees or charges accrued after the time the allege debt was "Charged Off" as evidenced by the increase between the  balance of the alleged debt at the time it was "Charged Off" was $5,751.00, and the balance due on the alleged debt pursuant to the Collection Letter; $5,912.48.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

- 4 -

24.     In the Collection Letter, Defendant failed to inform Plaintiff whether the alleged debt was subject to or had already incurred the accrual of interest and/or other fees or charges.

25.     Defendant attempted to collect from Plaintiff post Charge-Off-Date interest on the alleged debt.

26.     In particular, Defendant included in the amount that it attempted to collect from Plaintiff, post Charge-Off-Date interest, which it retroactively added to the $ 5,751.00 that Plaintiff allegedly once owed to Barclays on the Account.

27.     By attempting to collect from Plaintiff post Charge-Off-Date interest on the
Account that Defendant did not have the right to collect, Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

28.     Defendant's omission of material information, in the Collection Letter, would deceive or mislead the "least sophisticated consumer" as to the character and amount of the debt.

29.     The Collection Letter amounted to a false, deceptive or misleading representation or means in connection with the collection of the alleged debt.

30.     The Collection Letter amounted to a false, deceptive or misleading representation as to the character, amount or legal status of the alleged debt.

31.     The Collection Letter amounted to a threat to take action that cannot legally be taken or that is not intended to be taken.

32.     The Collection Letter amounted to a false representation or deceptive means to collect the alleged debt or to obtain information about Plaintiff.

33.     The Collection Letter amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

34.     The Collection Letter amounted to an attempt to collect any amount not authorized by the agreement creating the debt or otherwise permitted by law.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

35.    The Collection Letter failed to clearly and effectively state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

## V.    CLASS ALLEGATIONS

36.    Plaintiff brings this action on behalf of herself and others similarly situated.

Specifically, Plaintiff seeks to represent two classes of individuals defined as:

> (a)    All persons located in the United States from whom Defendant, within one year before the date of this complaint, attempted to collect interest on an alleged consumer debt that Defendant did not have the right to collect.
>
> (b)    All persons located in the United States from whom Defendant, within one year before the date of this complaint, attempted to collect a consumer debt by sending an initial communication that failed to state whether the debt was subject to the accrual of interest or other charges.

37.    The classes are averred to be so numerous that joinder of members is impracticable.

38.    The proposed classes specifically exclude the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of The United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

39.    The exact number of the members of the classes are unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

40.    The classes are ascertainable in that the names and addresses of all members of the classes can be identified in business records maintained by Defendant.

41.    There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual members of the classes. Such issues include, but are not limited to:

(a)    the existence of Defendant's identical conduct particular to the matters at issue;

(b)    Defendant's violations of 15 U.S.C. § 1692 *et seq*.;

(c)    the availability of statutory penalties; and

(d)    attorneys' fees and costs.

42.    Plaintiff's claims are typical of those of the classes she seeks to represent.

43.    Plaintiff's claims, and those of the members of the classes, originate from the same conduct, practice, and procedure, on the part of Defendant.  Thus, if brought and prosecuted individually, the claims of each member of the classes would require proof of the same material and substantive facts.

44.    Plaintiff possesses the same interests and has suffered the same injuries as each member of the classes. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed members of the classes.

45.    Plaintiff will fairly and adequately protect the interests of the members of the classes and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the classes.

46.    Plaintiff is willing and prepared to serve this Court and the proposed classes.

47.    Plaintiff's interests are co-extensive with, and not antagonistic to, those of the absent members of the classes.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

48.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims and complex class action litigation, who will vigorously prosecute this action, and who will assert, protect, and otherwise represent Plaintiff and all absent members of the classes.

49.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the classes would—as a practical matter—be dispositive of the interests of other members of the classes who are not parties to the action or could substantially impair or impede their ability to protect their interests.

50.     The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the classes.

51.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the classes, making final declaratory or injunctive relief appropriate.

52.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the classes predominate over any questions affecting only individual members.

53.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this complaint in that: (a) individual claims by the members of the classes will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this complaint and individual members are unlikely to have an interest

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

54. Plaintiff repeats and re-alleges each and every factual allegation set forth above.

55. The FDCPA at section 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.
> Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> * * *
> (2) The false representation of—(A) the character, amount, or legal status of any debt….

15 U.S.C. § 1692e(2)(A).

56. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing that post Charge-Off-Date interest accrued on the Debt, or, stated otherwise, that the amount Plaintiff allegedly owed Barclays included post Charge-Off-Date interest.

57. Defendant, as a matter of pattern and practice, falsely represents that post charge-off date interest accrued on debts, or, stated otherwise, that consumer-debtors allegedly owe creditors post charge-off-date interest, where they do not.

58. Defendant violated 15 U.S.C. § 1692e(2)(A), through its Collection Letter by stating the amount of Debt as a single sum, or by failing to state whether the Debt was subject to the accrual of interest and other charges, or by failing to state whether the Debt had accrued interest and other charges, or by failing to

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

state the amount of interest and other charges that had accrued on the Debt, or by combining all the charges that the Debt includes as a single sum rather than providing Plaintiff with a breakdown of the Debt's accrued interest and other fees, or by failing to state how or when the amount of the Debt had been calculated. Thus, Plaintiff—or, the least sophisticated consumer—could reasonably conclude that the amount of the Debt that DNG attempted to collect from Plaintiff would not be subject to further interest, late fees, or other charges. On the other hand, Plaintiff—or, the least sophisticated consumer— could just as reasonably determine that the amount of the Debt would continue to grow over time.  One of those meanings would necessarily be inaccurate.

59.     Defendant, as a matter of pattern and practice, sends debt collection letters to consumer-debtors that can be reasonably read to have two or more different meanings, one of which is inaccurate.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

60.     Plaintiff repeats and re-alleges each and every factual allegation set forth above.

61.     The FDCPA at section 1692e(5) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.
Without limiting the general application of the foregoing, the following conduct is a violation of this section:
* * *
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

15 U.S.C. § 1692e(5).

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

62.     Defendant violated 15 U.S.C. § 1692e(5) by threatening to collect post Charge-off-Date interest on the Debt, absent a legal right to do so.

63.     Defendant, as a matter of pattern and practice, threatens to collect post Charge-off-Date interest on debts, absent a legal right to do so.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

64.     Plaintiff repeats and re-alleges each and every factual allegation set forth above.

65.     The FDCPA at section 1692e(10) provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.
Without limiting the general application of the foregoing, the following conduct is a violation of this section:
* * *

(10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(10).

66.     Defendant violated 15 U.S.C. § 1692e(10) by falsely representing that it had a legal right to assess and collect post Charge-Off-Date interest on the Debt, where it did not.

67.     Defendant, as a matter of pattern and practice, falsely represents that it has a legal right to assess and collect post charge-off-date interest on debts, where it does not.

68.     Defendant violated 15 U.S.C. § 1692e(10), through its Collection Letter, by stating the amount of Debt as a single sum, or by failing to state

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

whether the Debt was subject to the accrual of interest and other charges, or by failing to state whether the Debt had accrued interest and other charges, or by failing to state the amount of interest and other charges that had accrued on the Debt, or by combining all the charges that the Debt includes as a single sum rather than providing Plaintiff with a breakdown of the Debt's accrued interest and other fees, or by failing to state how or when the amount of the Debt had been calculated. Thus, Plaintiff—or, the least sophisticated consumer—could reasonably conclude that the amount of the Debt that Defendant attempted to collect from Plaintiff would not be subject to further interest, late fees, or other charges. On the other hand, Plaintiff—or, the least sophisticated consumer— could just as reasonably determine that the amount of the Debt would continue to grow over time.  One of those meanings would necessarily be inaccurate. Defendant's omission of material information would deceive or mislead the least sophisticated consumer as to the character or amount of the debt.

69.     Defendant, as a matter of pattern and practice, sends debt collection letters to consumer-debtors that that can be reasonably read to have two or more different meanings, one of which is inaccurate.

**COUNT IV**
**VIOLATION OF 15 U.S.C. § 1692f(1)**

70.      Plaintiff repeats and re-alleges each and every factual allegation set forth above.

71.    The FDCPA at section 1692f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.
> * * *
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

15 U.S.C. § 1692f(1).

72.     Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect an amount from Plaintiff not expressly authorized by the agreement creating the Debt, or permitted by law.

73.     Defendant, as a matter of pattern and practice, attempts to collect amounts from consumer-debtors not expressly authorized by the agreement creating the debts, or permitted by law.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

74.     Plaintiff repeats and re-alleges each and every factual allegation set forth above.

75.     The FDCPA at section 1692g(a)(1) provides:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> * * *
> (1) the amount of the debt.

15 U.S.C.A. § 1692g(a)(1).

76.     Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey  the amount of the Debt during its initial communication with Plaintiff, or within 5 days  thereafter.

77.     Because the least sophisticated consumer could readily conclude that the total  account balance stated as due was due at any time, when in fact it was not and was subject to  adjustment on a periodic basis, Defendant's  Collection

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

Letter failed to clearly and effectively state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1).

78.    Defendant, as a matter of pattern and practice, fails to meaningfully convey the amount of debts during its initial communications with consumer-debtors, or within 5 days thereafter.

## VI.    TRIAL BY JURY

79.    Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

A.    Determining that this action is a proper class action, certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

B.    Adjudging that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C.§ 1692f(1).

C.    Awarding Plaintiff, and members of the classes, statutory damages.

D.    Awarding Plaintiff, and members of the classes, actual damages.

E.    Awarding Plaintiff, and members of the classes, reasonable attorneys' fees and costs incurred in this action;

F.    Awarding Plaintiff, and members of the classes, any pre-judgment and post-judgment interest, as may be allowed under the law;

G.    Awarding other and further relief as this Court may deem just and proper.

///
///

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

Respectfully submitted this 28th day of March, 2014.

RESPECTFULLY SUBMITTED,
PRICE LAW GROUP, APC

Dated: March 28, 2014                    By: /s/ G. Thomas Martin, III_____
                                              G. Thomas Martin, III
                                              *Attorney for Plaintiff*

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

**EXHIBIT A**

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC



5777 Madison Ave #960
Sacramento CA 95841
Office: (866) 502-2774

October 26, 2009

Cynthia Ferguson
c/o Settlement Corp of America

Original Creditor: Harvest Credit MGT RE: Barclays/Apple Credit
Original Account Number: 5140219002456735
Our File Number: 605363

Conditional Settlement Offer

Balance owing as of 10/26/2009: $7,225.21 (Seven thousand two hundred twenty five dollars and twenty-one cents)

This letter serves to confirm our offer to forbear further collection action and cancel the above debt provided that the following terms are met exactly. Notwithstanding this letter, or any payments you may make based on this letter, if the terms herein are not exactly met, the terms of any underlying credit, loan or cardholder agreement and the effect of any collection action we may have initiated remain in full force and effect without alteration. Unless the terms offered herein are adhered to exactly, nothing contained herein shall reduce our rights to collect the full amount of the debt or bar any further collection action in any way.

**THIS LETTER CONTAINS A SETTLEMENT OFFER AND PURSUANT TO EVIDENCE CODE §§ 1152(a) AND 1154, IT IS INADMISSIBLE IN ANY PROCEEDING.**

Funds are to be delivered to the following address:

California Recovery Systems, Inc
5777 Madison Ave #960
Sacramento CA 95841

**TERMS SHALL BE AS FOLLOWS:**

(One payment of $2,355.00 to be received in our office on 10/30/2009; one payment of $545.00 dated on or before the 11/30/09 via check by phone)

Thank you for your attention to this matter. Should you have any questions, please feel free to contact me.

Sincerely,

Mark Anthony
VP Director of Operations

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ALL INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS LETTER HAS BEEN SENT TO YOU BY A DEBT COLLECTOR.**

1
2
3
4
5
6
7
8
9
10
11
12
13

**<u>EXHIBIT B</u>**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

Global Client Solutions

https://globalclientsolutions.com/Secure/Client.aspx



**GLOBAL** Client Solutions

Tuesday, March 01, 2011

Client    My Main

Ferguson, Cynthia - 24375

| Name | Account ID | Client ID | SSN |
|------|-----------|-----------|-----|
| Ferguson , Cynthia | 90298 | 24375 | ****9571 |

Statement

Available Balance:    $0.00

● All Payments   ○ Active Only   ○ Inactive Only   ○ Payments Only   ○ Withdrawals Only

| Effective Date | Payee | Payee Acct Num | Payment Class | Payment Type | Payment Amt | Fee Amt | Active | Status | Tracking Num | Check Num | Cleared | Clear |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/27/2010 | Cynthia L Ferguson | | Withdrawal | ACH | $30.87 | $0.00 | | Payment Cleared / No Fee | | ✓ | 05/28/2010 | 05/27/2010 11:05 PM | 05/28/2 |
| 05/18/2010 | Chase | 540165070166894 | Payment | Phone Pay | $875.00 | $0.00 | ** | Payment Cleared / No Fee | | 9004 | ✓ | 05/02/2010 | 05/18/2010 04:42 PM | 06/03/2 |
| 04/29/2010 | Chase | 540165070166894 | Payment | Phone Pay | $825.00 | $0.00 | | Payment Cleared / No Fee | | 9003 | ✓ | 04/28/2010 | 04/28/2010 06:48 PM | 05/05/2 |
| 03/10/2010 | Chase | 540165070166894 | Payment | Phone Pay | $875.00 | $0.00 | | Payment Cleared / No Fee | | 9002 | ✓ | 04/02/2010 | 02/11/2010 12:35 AM | 04/13/2 |
| 03/02/2010 | Chase | 540165070166894 | Payment | Phone Pay | $875.00 | $0.00 | | Payment Cleared / No Fee | | 9001 | ✓ | 03/02/2010 | 03/02/2010 02:50 AM | 03/03/2 |
| 01/26/2010 | Chase | 540165070166894 | Payment | Phone Pay | $2,000.00 | $0.00 | ** | Payment Cleared / No Fee | | 9000 | ✓ | 01/05/2010 | 01/26/2010 02:05 AM | 01/27/2 |
| 11/16/2009 | Juniper Bank | 514021900246725 | Payment | Phone Pay | $600.00 | $0.00 | ** | Payment Cleared / No Fee | Kval 12/03/2009 | | ✓ | 12/03/2009 | 11/16/2009 10:36 PM | 12/03/2 |
| 11/16/2009 | Juniper Bank | 514021900246725 *Cize | Payment | Phone Pay - No Fee | $925.00 | $0.00 | | Payment Cleared / No Fee | | 1129 | ✓ | 12/02/2009 | 12/09/2009 03:01 PM | 12/03/2 |
| 10/27/2009 | Juniper Bank | 514021900246725 | Payment | Phone Pay | $2,900.00 | $0.00 | | Payment Cleared / No Fee | | 1028 | ✓ | 10/30/2009 | 10/27/2009 03:54 PM | 11/02/2 |
| 10/27/2009 | Juniper Bank | 514021900246725 NON TEE | Payment | Phone Pay - No Fee | $5.00 | $0.00 | | Payment Cleared / No Fee | | 1028 | ✓ | 10/30/2009 | 11/03/2009 01:39 PM | 11/03/2 |
| 08/12/2009 | First National Bank o' Omaha | 441840924784860 | Payment | Overnite Check | $350.00 | $0.00 | | Payment Cleared / No Fee | 123W375W019404043542 | 910296 | ✓ | 08/17/2009 | 08/12/2009 07:23 PM | 08/25/2 |
| 07/10/2009 | First National Bank t 'Omaha | 441840924784860 | Payment | Overnite Check | $350.00 | $0.00 | | Payment Cleared / No Fee | 123W375W019641903 | 226155 | ✓ | 07/14/2009 | 07/10/2009 12:35 PM | 07/15/2 |
| 06/10/2009 | First National Bank o' Omaha | 441840924784860 | Payment | Overnite Check | $350.00 | $0.00 | | Payment Cleared / No Fee | 123W375W019990029 | 219034 | ✓ | 06/12/2009 | 06/10/2009 11:22 AM | 06/15/2 |
| 05/07/2009 | First National Bank o' Omaha | 441840924784860 | Payment | Overnite Check | $350.00 | $0.00 | ** | Payment Cleared / No Fee | 123W375W019569936 | 2016955 | ✓ | 05/12/2009 | 05/07/2009 08:24 PM | 05/13/2 |
| 04/28/2009 | Target National Bank | 633234300450112 | Payment | Overnite Check | $6,254.64 | $0.00 | *** | Payment Cleared / No Fee | 79541608186 | 178960 | ✓ | 05/01/2009 | 04/28/2009 07:49 PM | 05/04/2 |
| 04/09/2009 | First National Bank o' Omaha | 441840924784860 | Payment | Overnite Check | $350.00 | $0.00 | | Payment Cleared / No Fee | 7327913781791 | 189600 | ✓ | 04/14/2009 | 04/09/2009 12:20 PM | 04/15/2 |
| 03/10/2009 | First National Bank o' Omaha | 441840924784860 | Payment | Overnite Check | $350.00 | $0.00 | | Payment Cleared / No Fee | 790654938703 | 177722 | ✓ | 03/12/2009 | 03/10/2009 10:19 AM | 03/13/2 |

3/1/11 2:33 PM

Price Law Group, APC
15760 Ventura Boulevard, Suite 1100
Encino, California 91436

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>EXHIBIT C</u>**

FIRST AMENDED COMPLAINT FOR DAMAGES
13CV1593 JAH KSC

LAW OFFICES OF

# PATENAUDE & FELIX, A.P.C.

### A PROFESSIONAL LAW CORPORATION

| 4545 MURPHY CANYON RD., 3 RD FL.<br>SAN DIEGO, CALIFORNIA 921; 3<br>TEL (858) 244-7600 (800) 832-7 175<br>FAX (858) 836-0318 | 243 EAST MAIN STREET<br>CARNEGIE, PENNSYLVANIA 15106<br>TEL (412) 429-7675 (866) 772-7675<br>FAX (412) 429-7679 | 1771 EAST FLAMINGO RD., STE. 112A<br>LAS VEGAS, NEVADA 89119<br>TEL (702) 892-2032 (800) 867-9092<br>FAX (702) 892-4286 | 522 SW 5th AVENUE, STE. 1355<br>PORTLAND, OREGON 97204<br>TEL (503) 208-2676 (800) 832-7675 | 2200 6th AVENUE, STE. 790<br>SEATTLE, WASHINGTON 98121<br>TEL (206) 441-4365 (800) 832-7675<br>FAX (206) 441-5473 |

March 15, 2013

598556/656669

CYNTHIA FERGUSON
10556 JANWAY DR
EL PASO TX 79925--736

RE:   Our Client:            HARVEST CREDIT MANAGEMENT VII (1293-7)
      Original Creditor:      Barclays\Apple
      Account Number:         XXXXXXXXXXXX6735
      Our File Number:        13-10062
      Balance Due:            $5,912.48

Dear Cynthia Ferguson:

Please be advised that the above-referenced debt has been assigned to this firm to initiate collection efforts regarding your delinquent outstanding balance to our client. If you wish to eliminate further collection action, please contact us at (800) 832-7675.

In the event that legal action is pursued and judgment is ultimately obtained against you, the judgment may include all court costs , prejudgment interest and attorney's fees in addition to the principal amount currently owed.

Unless you notify this office within THIRTY (30) days of receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid.

If you notify this office in writing within THIRTY (30) days of receiving this notice that this debt, or any portion thereof, is disputed, this office will obtain verification of the debt, or a copy of a judgment against you, and mail you a copy of such verification or judgment. Further, if you make a written request upon this office within THIRTY (30) days of receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

Very truly yours,

**LAW OFFICE OF PATENAUDE & FELIX**


### THIS COMMUNICATION IS FROM A DEBT COLLECTOR